{¶ 23} I must respectfully dissent in this matter. The employer permitted its young and inexperienced teenage employees to override the safety devices on a piece of dangerous machinery. As found by the trial court, appellant's "foot was severely injured when an assistant manager * * * operated a box crusher (`baler') with its door open. This door was left open as a result of [the assistant manager] using a `bypass switch' located on the baler." The foreseeable happened, and a young worker was maimed. As a matter of law, such a tragic scenario is incapable of being resolved by way of summary judgment. The narrow question to be resolved is not the injury itself but the "substantial certainty" of the tragic outcome in this matter.
 {¶ 24} On a procedural basis, an evidentiary error has been made, and the trial court's failure to grant a motion to compel discovery is clearly an abuse of discretion. Appellant had the burden of demonstrating what the employer knew about the risks involved in running a machine without its safety device in place. In furtherance of meeting his burden, appellant filed a motion in the trial court to "compel Walgreens to produce an accident/incident report which was kept in the ordinary course of Walgreens' business." In denying the motion, incredibly, the trial court found that "there is no evidence that Walgreens modified or altered the baler in any manner, that the baler was operated in a manner in which it was not designed, or that Walgreens deliberately removed a safety guard from the baler." In that same entry, the trial court ruled that the motion to compel the clearly relevant accident/incident report was "moot."
 {¶ 25} I would respectfully suggest you cannot have it both ways. The trial court found the motion to compel "moot" since there was no evidence of alteration of the machine or that "the baler was operated in a manner in which it was not designed." How do we know? By its inaction, the court prevented appellant from discovering that very evidence.
 {¶ 26} As correctly stated by the majority, the controlling law in Ohio on the question of "intentional torts" in the workplace is found in the Supreme Court of Ohio's recent holding in Gibson v. DrainageProducts, Inc., where the court held:
 {¶ 27} "In any event, the standard for establishing an intentional tort `emerges not so much from the words used to formulate the test as it does from the decisions rendered in response to specific fact situations. Such is the nature of the common law.'[2] With that in mind, cases involving workplace intentional torts must be judged on the totality of the circumstances surrounding each incident. Here, molten plastic was forcefully discharged from appellee's manufacturing line and traveled a distance of approximately three to four feet before it struck and severely burned Mike Gibson. Whether Gibson was specifically requested to participate or was actually participating in the ongoing repair of the extruder is not relevant to determining whether Mike Gibson was required to perform a dangerous task. Rather, the primary concern is whether appellee, through its policies and conditions of employment, placed Gibson in a position where he was subjected to a `dangerous process, procedure, instrumentality or condition' and harm was substantially certain to follow.
 {¶ 28} "Finally, we address appellee's apparent confusion regarding the degree of knowledge required for the third element of the Fyffe
test. Appellee contends that there is no evidence in this case that appellee knowingly required appellant's decedent to engage in a dangerous task. Not only is this argument completely contrary to our holding inHannah,[3] it is also contrary to the very foundation relied upon by this court in establishing workplace intentional tort jurisprudence in this state. `"All consequences which the actor desires to bring about are intended, as the word is used in (the) Restatement. Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result."'[4] In other words, appellee could be liable for the consequences of its acts even though it never intended a specific result."[5]
 {¶ 29} The facts in this matter are directly parallel to the facts in Gibson. Clearly, no employer would intend to have a teenager's foot mangled by machinery. However, that is not the relevant inquiry. The relevant questions are (1) whether the employer required the employees to operate a machine by overriding a safety device; and (2) whether that action with substantial certainty would produce a foreseeable result. As a matter of law, only the trier of fact is qualified to answer these questions. Thus, the granting of summary judgment was improper.
[2] Kunkler v. Goodyear Tire Rubber Co. (1988), 36 Ohio St.3d 135,139.
[3] Hannah v. Dayton Power Light Co. (1998),82 Ohio St.3d 482.
[4] Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100,115, quoting 1 Restatement of the Law 2d, Torts (1965) 15, Section 8A, Comment b.
[5] Gibson v. Drainage Products, Inc., 95 Ohio St.3d 171,2002-Ohio-2008, at ¶ 27-28.